UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN MAURICIO DE LEON YAX,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondents. | Case No. 2:26-cv-03937-TMC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Juan Mauricio De Leon Yax is a Guatemalan citizen who first entered the United States without inspection at an unknown time and place. Dkt. 8 ¶ 4; Dkt. 9-1 at 2. On June 17, 2012, United States Border Patrol officers encountered Petitioner in Hidalgo, Texas and served him with a Notice and Order of Expedited Removal. Dkt. 8 ¶ 5; Dkt. 9-3 at 3. Eleven days later, Petitioner was removed to Guatemala.[1] Dkt. 8 ¶ 5; Dkt. 9-3 at 2.

Petitioner reentered the United States without inspection. *See* Dkt. 8 ¶ 6. On September 20, 2026, Immigration and Customs Enforcement ("ICE") officers arrested him in Everett,

[1] Petitioner asserts that he has remained in the United States since his initial entry, Dkt. 1 ¶ 2, but he does not offer any evidence to support that claim, and he does not respond to Federal Respondents' evidence showing that he was removed in 2012 subject to a valid removal order. *See* Dkt. 9-3.

Washington and reinstated his prior removal order. Dkt. 9-1 at 3–4; Dkt. 9-3 at 2. He was then transferred to the Northwest ICE Processing Center, where he remains detained. Dkt. 1 ¶ 23; Dkt. 8 ¶ 7. On September 22, ICE referred Petitioner to United States Citizenship and Immigration Services ("USCIS") for a determination as to whether he faced a reasonable fear of persecution or torture in Guatemala. Dkt. 8 ¶ 8; *see* 8 C.F.R. § 208.31. As of October 29, USCIS had not yet completed the reasonable fear determination. Dkt. 8 ¶ 8.

On October 15, Petitioner filed a petition for writ of habeas corpus, arguing that his detention without a bond hearing violates the Immigration and Nationality Act ("INA") and his due process rights. Dkt. 1. The same day, he moved for a temporary restraining order enjoining Respondents from transferring him out of the Western District of Washington or removing him from the United States during the pendency of these habeas proceedings. Dkt. 2. The Court denied the motion. Dkt. 5.

On October 29, Federal Respondents filed a return to the habeas petition. Dkt. 7. Petitioner did not file a traverse within the deadlines set by the Court. *See* Dkt. 4 ¶ 2. The habeas petition is now ripe for the Court's review. Because Petitioner is subject to a reinstated order of removal, and his detention has not exceeded the statutory removal period, the Court DENIES the petition.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

Petitioner has not demonstrated his entitlement to habeas relief at this time. Petitioner's argument is premised on the assertion that he is detained under 8 U.S.C. § 1226(a), which entitles him to consideration for release on bond. Dkt. 1 ¶¶ 31–32. However, that provision applies only to noncitizens who are not yet subject to a final order of removal. *See* 8 U.S.C. § 1226(a) (governing detention of certain noncitizens "pending a decision" as to removal). Here, Petitioner remains subject to his June 2012 removal order, which became administratively final when ICE reinstated it on September 20. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021); 8 U.S.C. § 1231(a)(5). Any reasonable fear determination by USCIS, or any related proceedings before an Immigration Judge or the Board of Immigration Appeals, will not affect the finality of that order. *Guzman Chavez*, 594 U.S. at 535–36; *Riley v. Bondi*, 606 U.S. 259, 269 (2025). His detention is thus governed by 8 U.S.C. § 1231. *Guzman Chavez*, 594 U.S. at 526.

Section 1231(a) provides for mandatory detention for 90 days after a removal order becomes final—here, September 20, 2026. 8 U.S.C. § 1231(a)(1), (2); *see Guzman Chavez*, 594 U.S. at 534–35. Detention during this period, and for up to six months, is presumptively reasonable. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). At this time, Petitioner has been detained for just over two months, well within the statutory removal period, and he does not offer sufficient argument in support of his due process claim to overcome the presumption of reasonableness. Should Petitioner's detention become unreasonably prolonged, he may file another habeas petition to seek relief on that basis. *See id.* at 699–702.

## IV. CONCLUSION

The Petition for writ of habeas corpus (Dkt. 1) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of November, 2026.

Tiffany M. Cartwright
United States District Judge